IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHERYL J. SMITH                                                                                     PLAINTIFF

vs.                                            Civil No. 1:08-cv-01045

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cheryl Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability, and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

In an ALJ's decision dated May 25, 1989, Plaintiff was originally found to be disabled under the Act as of February 23, 1988, based on impairments of polymyositis and depression. (Tr. 131-138). Following a continuing disability review, an ALJ's decision dated September 6, 2000, found Plaintiff experienced a medical improvement related to her ability to work and her disability ceased

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

as of January 1, 1999, with benefits ceasing as of March 31, 1999. (Tr. 132, 138-139). Plaintiff made a request to the Appeals Council to review the ALJ's cessation decision, however the request for review was ruled untimely, and the ALJ's September 6, 2000 decision became the Commissioner's final administrative decision. (Tr. 144-145).

Plaintiff then filed a new SSI application on January 16, 2001. (Tr. 153, 203-206). On October 24, 2003, an ALJ issued an unfavorable decision denying her benefits based on the January 2001 application. (Tr. 150-158). The Appeals Council denied Plaintiff's request to review the October 24, 2003 decision making it the Commissioner's final decision. (Tr. 163-165). Plaintiff did not appeal this decision.

Plaintiff then filed an application for SSI on March 25, 2004 which is the subject of this matter. (Tr. 208-210). Plaintiff alleged she was disabled due to muscle pain, lupus, joint pain, and pain in her neck and shoulders. (Tr. 255, 339). Plaintiff alleged an onset date of January 16, 2001. (Tr. 208). Plaintiff amended her onset date to March 25, 2004 during the administrative hearing on this application. (Tr. 334). Thus, the relevant time period is from March 25, 2004 through the date of the ALJ's decision of August 18, 2006. This application was initially denied on July 22, 2004 and was denied again on reconsideration on October 25, 2004. (Tr. 186-195).

On November 19, 2004, Plaintiff requested an administrative hearing on her application. (Tr. 196). This hearing was held on April 4, 2006 in El Dorado, Arkansas. (Tr. 332-358). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff, and Vocational Expert ("VE") Joni Crayton testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had an eleventh grade education. *See id.*

On August 18, 2006, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-21). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 25, 2004. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the following severe impairments: cervical pain, hypertension, and muscle spasms. (Tr. 15, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-19). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 18-19). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hours, stand/walk 6 hours in an 8 hour day; limited ability in reaching overhead; and occasionally climb, balance, stoop, crouch, kneel, and crawl. She experiences mild to moderate pain and is unable to operate moving machinery. Non-exertionally, the claimant is found to experience no restrictions.

(Tr. 15, Finding 4).

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 20, Findings 5,9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 338-339, 353-356). Specifically, the VE testified Plaintiff would be able to perform work as a cashier

3

with approximately 1,600 such jobs in Arkansas and 163,000 such jobs in the nation, as a ticket seller with approximately 1,600 such jobs in Arkansas and 163,000 such jobs in the nation, and as a cleaner with approximately 1,900 such jobs in Arkansas and 205,000 such jobs in the nation. (Tr. 355-356). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from March 25, 2004 through the date of the ALJ's decision or through August 18, 2006. (Tr. 21, Finding 10).

On August 25, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. On April 17, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 6-8). On June 16, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 24, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6,7). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ failed to understand lupus and its effects; (B) the ALJ failed to understand the MRI dated May 26, 2004; (C) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain; and (D) the ALJ gave an improper hypothetical to the VE.  (Doc. No. 6, Pages 5-19).  In response, Defendant argues the ALJ gave proper treatment to Plaintiff's allegation of lupus, the ALJ gave proper treatment to Plaintiff's MRI report, the ALJ properly evaluated Plaintiff's subject complaints of pain and the ALJ presented a proper hypothetical question the VE.  (Doc. No. 7, Pages 7-17).   This Court will address each of Plaintiff's arguments.

    **A. Lupus**

As noted above, May 25, 1989, Plaintiff was originally found to be disabled under the Act as of February 23, 1988, based on impairments of polymyositis and depression.  Polymyositis is a condition very similar to Lupus.[2]  However, in 2000, following a continuing disability review, an ALJ found that Plaintiff had experienced a medical improvement related to that condition and her disability ceased as of January 1, 1999.  (Tr. 131-140).

Plaintiff now argues the ALJ did not understand lupus and its effects.  However, there is no diagnosis of lupus in the medical evidence during the period relevant to Plaintiff's application under review.  During the relevant period from March 25, 2004, until August 18, 2006, the medical

---

[2]See "Lupus Foundation of America" available at (http://www.lupus.org/webmodules/webarticlesnet/templates/new_aboutaffects.aspx?articleid=101&zoneid=17) (last accessed August 5th, 2009).

evidence shows Plaintiff was treated primarily for hypertension and neck and shoulder pain. (Tr. 269-285, 290-291, 302-329).

The medical evidence shows Plaintiff indicated she had a history of lupus during an exam on October 12, 2004 at the Cabun Clinic. (Tr. 308). However, the lab work performed for lupus screening was negative. (Tr. 308, 313). Plaintiff has failed to provide objective medical evidence during the relevant time period to establish she has lupus.

**B. MRI**

Plaintiff argues the ALJ did not understand the MRI report of May 26, 2004. (Tr. 324-325). The MRI revealed advanced degenerative changes involving the cervical spine most severe at the C5-6 and C4-5 levels and milder changes at the C3-4 level with osteophytes and degeneration of the discs. (Tr. 324-325).

Plaintiff argues the ALJ did not properly assess the limitations on Plaintiff's arms and hands that are shown by the MRI report. Specifically, Plaintiff states "Ordinarily, one would think the cervical problem would affect the arms and hands, because of the nerves, etc." (Doc. No. 6, Pg. 8). However, the Plaintiff provides no evidence to support her claim that cervical changes impact arms and hands. In fact, Plaintiff's exam by Dr. Carlton Newsome on May 20, 2004 found Plaintiff had a normal grip, and had no limitations in her ability to lift, carry, or handle objects. (Tr. 276-277). Plaintiff has failed to establish her claim that the ALJ failed to understand the results of the MRI exam in question.

**C. Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski*

7

*v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 18-19). Specifically, the ALJ noted the following: (1)Plaintiff's hypertension was controlled by medication, (2) Plaintiff had not always been complaint in taking her medication, (3) Plaintiff had a poor work history, and (4) Plaintiff's medical records did not support her claimed functional limitations. These findings are sufficient to satisfy the requirements of *Polaski,* and the ALJ's credibility determination is entitled to deference. *See Lowe,* 226 F.3d at 971-72 (holding that "[w]here adequately explained and supported, credibility findings are for the ALJ to make").

### D. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d

9

766, 768-69 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

In this matter, ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to carry up to twenty pounds occasionally; an ability to sit for six hours out of an eight hour workday, and stand six hours out of an eight hour workday. The ALJ also limited Plaintiff that she could only occasionally climb, balance, stoop, crouch, kneel, and crawl, and had limited ability to reach overhead. (Tr. 16, Finding No. 4).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 353-355). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 20). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 21).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated that jobs existed in

both the national and local economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE